UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES D. HOWES<br>1244 Meadowbright Lane<br>Cincinnati, Ohio 45230 | : <br> : <br> : | Case No. **1:09CV764**<br>Judge **SPIEGEL, L.** |
| Plaintiff | : | **COMPLAINT** |
| vs. | : | |
| EXPERIAN INFORMATION SERVICES INC.<br>955 American Lane<br>Schaumburg, IL 60173 | : <br> : <br> : <br> : | |
| and | : | |
| EQUIFAX, INC.<br>1550 Peachtree St. NW<br>Atlanta, GA 30309 | : <br> : <br> : | |
| and | : | |
| TRANSUNION LLC<br>555 W. Adams St.<br>Chicago, IL 60661 | : <br> : <br> : | |
| and | : | |
| COMPUTER SCIENCES CORP.<br>dba CSC Credit Services<br>PO Box 619054<br>Dallas, TX 75261 | : <br> : <br> : <br> : | |
| and | : | |
| FIA CARD SERVICES, N.A.<br>P.O. Box 15720<br>Wilmington, DE 19850-5720 | : <br> : <br> : | |
| and | : | |

FILED
JAMES BONINI
CLERK
09 OCT 21 PM 2:08

1

| | |
|---|---|
| RESURGENT CAPITAL SERVICES, LP<br>PO Box 10497<br>Greenville, SC 29603 | : <br> : <br> : <br> : |
| and | : <br> : |
| CAPITAL MANAGEMENT SERVICES<br>726 Exchange Street<br>Suite 700<br>Buffalo, NY 14210 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| NATIONAL ACTION FINANCIAL<br>SERVICES<br>2877 Brandywine Road<br>Atlanta, GA 30341 | : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| NATIONAL ENTERPRISE SYSTEMS<br>29125 Solon Road<br>Solon Ohio 44139 | : <br> : <br> : <br> : |
| and | : <br> : |
| LVNV FUNDING LLC<br>15 South Main Street Suite 700<br>Greenville, SC 29601 | : <br> : <br> : <br> : |
| and | : <br> : |
| BANK OF AMERICA CORPORATION<br>PO Box 17054<br>Wilmington, DE 19884 | : <br> : <br> : <br> : |
| and | : <br> : |
| ARROW  FINANCIAL SERVICES<br>5996 W. Touhy Avenue<br>Niles, IL 60714 | : <br> : <br> : <br> : |
| and | : <br> : <br> : <br> : |

| | |
|---|---|
| ASSOCIATED RECOVERY SYSTEMS<br>201 W. Grand Ave<br>Escondido, CA 92025<br><br>          Defendants | :<br>:<br>:<br>:<br>:<br>: |

Now comes Plaintiff James D. Howes and for his Complaint states as follows:

## PARTIES

1. Plaintiff is a citizen and resident of Hamilton County, Ohio. Plaintiff is a consumer as that term is used within 15 U.S.C. § 1681a.

2. On information and belief, Defendant Experian Information Services, Inc. ("Experian") is a nationwide credit reporting company. Experian is a Delaware Corporation with its principal place of business in Costa Mesa, California and Schaumberg, Illinois. Experian is a consumer reporting agency as that term is used within 15 U.S.C. § 1681a.

3. On information and belief, Defendant Equifax, Inc. ("Equifax") is a nationwide credit reporting company. Equifax is a Delaware corporation with its principal place of business in Atlanta, Georgia. Equifax is a consumer reporting agency as that term is used within 15 U.S.C. § 1681a.

4. On information and belief, Defendant TransUnion, LLC ("TransUnion") is a nationwide credit reporting company. TransUnion is a Delaware limited liability company with its principal place of business in Chicago, Illinois. TransUnion is a consumer reporting agency as that term is used within 15 U.S.C. § 1681a.

5. On information and belief, Defendant Computer Sciences Corporation ("CSC Credit Services" or "CSC") is a nationwide credit reporting company. CSC is a Delaware

corporation with its principal place of business in Falls Church, Virginia. CSC is consumer reporting agency as that term is used within 15 U.S.C. § 1681a.

6. On information and belief, Defendant FIA Card Services, N.A. ("FIA") is a nationwide credit card issuer. FIA is a wholly owned subsidiary of Bank of America and furnishes information to consumer credit reporting agencies. FIA is a Delaware corporation with its principal place of business in Wilmington, Delaware.

7. On information and belief, Defendant Resurgent Capital Services, L.P. ("Resurgent") is a nationwide collection agency that furnishes information to consumer credit reporting agencies. Resurgent is a Delaware limited partnership with its principal place of business in Greenville, South Carolina.

8. On information and belief, Defendant Capital Management Services, L.P. ("CMS") is a nationwide collection agency that furnishes information to consumer credit reporting agencies. CMS is a Delaware limited partnership with its principal place of business in Buffalo, New York.

9. On information and belief, Defendant National Action Financial Services, Inc. ("NAFS") is a nationwide collection agency that furnishes information to consumer credit reporting agencies. NAFS is a Delaware corporation with its principal place of business in Atlanta, Georgia.

10. On information and belief, Defendant National Enterprise Services, Inc. ("NES") is a nationwide collection agency that furnishes information to consumer credit reporting agencies. NES is a Delaware corporation with its principal place of business in Solon, Ohio.

11. On information and belief, Defendant LVNV Funding LLC ("LVNV") is a nationwide collection agency that furnishes information to consumer credit reporting agencies.

LVNV is a Delaware limited liability company with its principal place of business in Greenville, South Carolina.

12. On information and belief, Defendant Bank of America Corporation ("Bank of America") is a nationwide lender that furnishes information to consumer credit reporting agencies. Bank of America is a Delaware corporation with its principal place of business in Charlotte, North Carolina.

13. The aforementioned defendants (Experian, Equifax, TransUnion, CSC, FIA, Resurgent, CMS, NES, NAFS, LVNV and Bank of America) are hereinafter referred to as "Primary Defendants."

14. All other defendants are collection agencies or credit reporting agencies or alleged creditors (hereinafter the "Nominal Defendants") of Plaintiff who incorrectly claim amounts are due.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. § 1681 *et seq*. and 28 U.S.C. § 1331. Jurisdiction of the state claims is proper pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this Court because, at the time Plaintiff became aware of the conduct giving rise to this claim, Plaintiff was a resident in the Southern District of Ohio. Each Defendant conducts business, solicits business, and engages in a persistent course of conduct within this district such that it is subject to the jurisdiction and venue of the courts within this district. The conduct which is the subject of the Complaint occurred in this district.

## GENERAL ALLEGATIONS

17. In or around November 1992, Plaintiff moved from the United States to Lillehammer, Norway.

18. Plaintiff moved from Lillehammer to Oslo, Norway in 1993 where he maintained his permanent residence until June 2008.

19. While living overseas, Plaintiff had all mail delivered to 6961 Paddison Road, Cincinnati, OH 45230 where his mother and adoptive father, Nancy and Ronald Howes, resided.

20. In June 2008, Plaintiff moved from Oslo, Norway to 1244 Meadowbright Lane, Cincinnati, Ohio where he resides today.

21. In July 2008, Plaintiff applied for a Home Depot credit card and was denied credit.

22. In October 2008, Plaintiff was informed by his family that they were receiving telephone calls from collection agencies regarding Plaintiff's alleged unpaid debt.

23. On October 16, 2008, Plaintiff's adoptive father admitted to using Plaintiff's name and social security number to open various credit cards without Plaintiff's authorization. Plaintiff's adoptive father also admitted to using said cards to incur the debt that is the subject of this litigation. Plaintiff's adoptive father is elderly, in poor health, and unable to satisfy the debts.

24. On October 17, 2008, Plaintiff requested a free online credit report and discovered the numerous credit card accounts that were fraudulently opened in his name while he was living in Norway.

25. On October 21, 2008, Plaintiff purchased a credit report that listed the fraudulently opened accounts as well as false information regarding Plaintiff's residence, mailing address, employer information, and date of birth.

26. Plaintiff provided written notice to all Primary Defendants that the unpaid accounts were a result of identity theft and that Plaintiff did not incur any of the fraudulent debt listed on his credit report. Plaintiff requested that Primary Defendants conduct a full investigation, remove fraudulent negative credit references from his credit report, and stop collections.

27. Notwithstanding Plaintiff's continued denial that he has or had any responsibility for such unpaid debt, Primary Defendants continue to pursue collection from Plaintiff and have failed to remove the fraudulent activity from Plaintiff's credit report.

28. As a direct and proximate result of Primary Defendants' failure to conduct an adequate investigation and remove the negative records from Plaintiff's credit report, Plaintiff has suffered an adverse credit rating and has been denied credit or offered credit on less favorable terms than he would have received but for the improper reporting and publication of the alleged debt by Primary Defendants.

### FIRST CAUSE OF ACTION
### VIOLATION OF FAIR CREDIT REPORTING ACT

29. Plaintiff reincorporates and realleges the preceding paragraphs of the Complaint as if fully rewritten herein.

30. There was no debt owed by Plaintiff to any Defendant.

31. Primary Defendant FIA furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $8286.17.

32. Primary Defendant Resurgent furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $8445.09.

33. Primary Defendant CMS furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $14,061.34.

34. Primary Defendant NAFS furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $8372.44.

35. Primary Defendant NES furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $8286.17.

36. Primary Defendant NVLV furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $8581.00.

37. Primary Defendant Bank of America furnished false information to the credit reporting agencies when it reported that Plaintiff was indebted to it in the amount of $8581.00.

38. Primary Defendants Experian, Equifax and TransUnion furnished false information to outside parties, including but not limited to individuals, commercial entities and lenders, when they reported negative records on Plaintiff's credit report.

39. Primary Defendants willfully failed to comply with the Fair Credit Reporting Act by failing to conduct adequate investigation of Plaintiff's disputes and continuing to provide false information regarding the Plaintiff's credit history.

## SECOND CAUSE OF ACTION
## VIOLATION OF OHIO PUBLIC POLICY

40. Plaintiff reincorporates and realleges the preceding paragraphs of the Complaint as if fully rewritten herein.

41. On information and belief, it is contrary to the public policy of the State of Ohio to furnish false information to lenders and credit reporting agencies with malice or willful intent to injure a consumer.

42. Primary Defendants' conduct as previously described herein constitutes a violation of Ohio's public policy and gives rise to a public policy tort by Plaintiff against Primary Defendants.

43. As a direct and proximate result of Primary Defendants' wrongful conduct, Plaintiff has been damaged in amount to be proven at trial.

## THIRD CAUSE OF ACTION
## PUNITIVE DAMAGES AND ATTORNEY FEES

44. Plaintiff reincorporates and realleges the preceding paragraphs of the Complaint as if fully rewritten herein.

45. Primary Defendants' wrongful conduct as previously alleged herein was done with malice, and reckless disregard of the rights of Plaintiff such that an award of punitive damages and attorney's fees is appropriate to punish Primary Defendants for their wrongful conduct and deter them from ever repeating such conduct.

## FOURTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

46. Plaintiff reincorporates and realleges the preceding paragraphs of the Complaint as if fully rewritten herein.

47. The publication of incorrect information by both Primary and Nominal Defendants as previously alleged herein has caused Plaintiff to suffer an adverse credit rating. Additionally, Plaintiff has been denied credit or offered credit on less favorable terms than he

would have received but for the improper reporting and publication of the alleged debt by Primary and Nominal Defendants.

48. A monetary damages award is, on its own, inadequate relief for Plaintiff's injuries. Plaintiff's injuries will be ongoing if corrections are not made to Plaintiff's credit history and credit reports.

WHEREFORE, Plaintiff, James D. Howes, demands that this Court enter a judgment in his favor and an award of damages and other equitable relief as follows:

a.  Injunctive relief in the form of corrections to Plaintiff's credit history as reflected in his credit reports;

b.  Compensatory damages in an amount to be determined at trial;

c.  Punitive damages in an amount to be determined at trial;

d.  An award of Plaintiff's court costs, fees, expenses, and attorneys' fees; and

e.  An award of such other legal and equitable relief as the Court deems just.

Respectfully submitted,

/s/ James C. Frooman

OF COUNSEL:
FROST BROWN TODD
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6800

James C. Frooman (0046553)
FROST BROWN TODD LLC
2200 PNC Center
201 East Fifth Street
Cincinnati, Ohio 45202
(513) 651-6707
jfrooman@fbtlaw.com
Attorneys for Plaintiff

CINLibrary 0115867.0562716 2016287v2